**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PLASTIC-VIEW INTERNATIONAL,
INC.; PLASTIC VIEW ATC, INC.,

        Plaintiffs-Appellants,

v.

EASTMAN CHEMICAL COMPANY; CP
FILMS, INC.,

        Defendants-Appellees.

No.   16-55284

D.C. No.
2:14-cv-07295-DDP-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 15, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and LOGAN,[**] District Judge.

Plastic-View International, Inc. and Plastic View ATC, Inc. (collectively

"Plastic View") appeal the district court's order dismissing their second amended

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and review the district court's order de novo. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We affirm.

1. In order to show that a contract existed between the parties, a plaintiff must plead "some basis for concluding that the parties engaged in a process of offer and acceptance, rather than inconclusive negotiations." *Steiner v. Mobil Oil Corp.*, 569 P.2d 751, 760 (Cal. 1977). At most, Eastman's alleged emails amounted to an invitation for Plastic View to make an offer by ordering specific quantities of products. Price lists "are not ordinarily intended or understood as offers to sell." *Restatement (Second) of Contracts* § 26 (Am. Law Inst. 1981). Because Plastic View fails to plead "[c]onduct by both parties which recognizes the existence of a contract," Cal. Com. Code § 2207(3), the district court properly dismissed its breach of contract claim.

2. Plastic View alleges that Eastman promised to supply window film and shade products, which Plastic View would resell to its customers, based on the parties' business relationship of over fifty years. Even assuming that this history gave rise to an implied distribution agreement, its terms would be "determined by the parties' course of conduct." *Varni Bros. Corp. v. Wine World, Inc.*, 41 Cal. Rptr. 2d 740, 745 (Ct. App. 1995). Because the parties' conduct did not suggest

2

otherwise, any such implied agreement was terminable at will by either party. *See* Cal. Com. Code § 2309(2); *Unterberger v. Red Bull N.A., Inc.*, 75 Cal. Rptr. 3d 368, 373 (Ct. App. 2008).

3. The district court properly dismissed Plastic View's claim for breach of the implied covenant of good faith and fair dealing because the second amended complaint does not plead facts that establish "a contractual relationship between the parties." *Smith v. City & Cty. of S.F.*, 275 Cal. Rptr. 17, 23 (Ct. App. 1990).

4. Plastic View's claim for declaratory relief also fails because there is no "actual controversy" related to either party's rights under a contract. 28 U.S.C.A. § 2201.

**AFFIRMED.**